IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MINDI E. LIVSHEE, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-12-1411-D
)
CITY OF WOODWARD, )
)
        Defendant. )

## **ORDER**

Before the Court is the Motion for Partial Dismissal of Defendant City of Woodward [Doc. No. 18], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition to the Motion, which is fully briefed and at issue.

Plaintiff is a former employee of Defendant who worked as a 911 dispatcher from October, 2005, until her termination in December, 2011. She brings suit under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and asserts a pendent claim under the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1302 ("OADA"). Plaintiff claims she was subjected to discrimination based on her religion (Judaism) and retaliation for making discrimination complaints. The alleged discriminatory and retaliatory acts consisted of a hostile work environment created by her supervisor, and termination.[1] On her Title VII claim, Plaintiff seeks back pay and lost benefits, reinstatement or front pay, and "liquidated damages and emotional distress." *See* First Am. Compl. [Doc. No. 16], ¶ 39. On her OADA claim, Plaintiff seeks "compensatory damages, damages for emotional distress and punitive damages." *See id*. ¶ 45.

---

[1] Plaintiff also alleges she was treated "differently than other co-workers with respect to disciplinary matters," but she identifies no adverse action taken against her. *See* First Am. Compl. [Doc. No. 16], ¶ 35. Thus, the Court understands the allegation of unequal discipline to be included as part of the supervisor's alleged harassment of Plaintiff.

Defendant contends the First Amended Complaint fails to state a claim of discriminatory termination of employment.[2] Defendant argues that Plaintiff fails to allege all elements of a *prima facie case* because she does not allege satisfactory job performance at the time of her termination and does not allege sufficient facts to suggest discriminatory intent. Also, Defendant asserts that Title VII does not authorize liquidated damages, that OADA does not authorize damages for emotional distress, and that punitive damages cannot be awarded against a municipality.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950; *see Robbins*, 519 F.3d at 1248 (degree of specificity needed to establish plausibility "depends on context"). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

---

[2] Defendant concedes that Plaintiff's pleading adequately states claims of a hostile work environment and retaliatory termination.

## Discussion

### A. Religious Discrimination

The asserted ground for dismissal of Plaintiff's discriminatory discharge claim is two-fold. Defendant first asserts that Plaintiff fails to allege sufficient facts to establish a *prima facie* case under the burden-shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *See* Def.'s Br. [Doc. No. 19] at 6-7, 8-9; Reply Br. [Doc. No. 22] at 2-3. Defendant argues that the First Amended Complaint contains no allegation that Plaintiff was satisfactorily performing her job when she was terminated and, instead, actually admits that her job performance was unsatisfactory.[3] Second, Defendant asserts that Plaintiff fails to allege sufficient facts from which to infer that religion was a motivating factor in her termination. Defendant argues that Plaintiff's pleading lacks factual allegations from which a reasonable inference of discriminatory discharge can be drawn.

The Supreme Court has squarely held that *McDonnell Douglas* established an evidentiary standard and not a pleading requirement; it need not be satisfied in order to state a discrimination claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). This holding is unaffected by recent decisions regarding Rule 12(b)(6). *See Twombly*, 550 U.S. at 569-70 (finding the plausibility standard to be consistent with *Swierkiewicz*); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint"). However, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192.

---

[3] Defendant refers to allegations that the harassment of Plaintiff caused her work performance and attendance to suffer. *See* First Am. Compl. [Doc. No. 16] ¶¶ 11, 33, 34. Defendant overlooks a separate allegation that, although Plaintiff received some reprimands, "in the month preceding termination she received a 'Satisfactory' rating on her evaluation." *Id*. ¶ 11.

Upon consideration of Plaintiff's pleading, the Court finds that the First Amended Complaint contains sufficient factual allegations, although barely, to state a plausible claim that Defendant terminated Plaintiff's employment based on her religion, as well as her complaints about religious materials in the workplace. The First Amended Complaint states numerous facts regarding the conduct of Plaintiff's supervisor that allegedly created a hostile work environment for non-Christian employees, and Plaintiff's complaints about the conduct. It also alleges facts to show that Defendant endorsed Christianity and allowed Plaintiff's religious objections to be included in discussions of her work performance. *See* First Am. Compl. [Doc. No. 16], ¶ 20. Although Defendant correctly argues that the First Amended Complaint contains no details to suggest that the decision to terminate Plaintiff's employment was based on her Jewish faith, the clear gist of Plaintiff's allegations is that her minority religious views caused her to be targeted for harassment and, ultimately, discharge.

Notwithstanding *Twombly* and *Iqbal*, "Rule 8(a)(2) still lives." *Khalik*, 671 F.3d at 1192. Under Rule 8, a pleading "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (internal quotation omitted). Requiring Plaintiff to further amend her pleading, as requested in her response brief, would serve no useful purpose. The First Amended Complaint provides Defendant with fair notice of Plaintiff's religious discrimination claim.

**B.     Damages** [4]

Defendant correctly asserts that Title VII does not authorize liquidated damages. Plaintiff does not disagree but, instead, argues that this remedy is expressly authorized by OADA. *See* Okla.

---

[4] A Rule 12(b)(6) motion tests the sufficiency of a claim and not the prayer for relief. "'[T]he prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out.'" *Coll v. First Am. Title Ins. Co*. 642 F.3d 876, 901 (10th Cir. 2011) (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 & n. 5 (10th Cir.1955)). Thus, this aspect of Defendant's Motion is more properly viewed as a motion to strike under Rule 12(f).

Stat. tit. 25, § 1350(G). Plaintiff's pleading states an OADA claim. Accordingly, the Court finds that the First Amended Complaint properly requests liquidated damages; the paragraph making this request simply appears in the wrong section of the pleading.[5]

Defendant also asserts that the OADA does not authorize the recovery of damages for emotional distress. Plaintiff disagrees, arguing that emotional distress may properly be considered in assessing liquidated damages. Regardless of which party's interpretation of OADA is correct, emotional distress damages are plainly recoverable under Title VII. *See* 42 U.S.C. § 1981a(a)(1). In the context of this case, the Court finds no need to decide whether this element of damages is available under both laws or only federal law. Plaintiff can obtain only one recovery for the same alleged injury.

Finally, Defendant asserts that punitive damages cannot be awarded against a municipality under either Title VII or state law. Plaintiff does not address this argument in her response. Defendant is plainly correct. The federal statute that authorizes punitive damages in Title VII cases expressly exempts "a government, government agency or political subdivision." *See* 42 U.S.C. § 1981a(b)(1). OADA does not authorize punitive damages, and Oklahoma law is clear that "[a]wards of exemplary damages against governmental subdivisions are against the public policy." *Nixon v. Oklahoma City*, 555 P.2d 1283, 1284 (Okla. 1976) (syllabus by the court). Therefore, the First Amended Complaint incorrectly seeks punitive damages, and this request should be stricken.

---

[5] Defendant argues in its reply that liquidated damages are punitive in nature and, thus, cannot be awarded against a municipality, as discussed *infra*. The legal authority cited for this argument, *Cook County v. United States ex rel. Chandler*, 538 U.S. 119 (2003), does not support it. The Supreme Court held in *Cook County* that a liquidated damages provision – treble damages under the False Claims Act – "has compensatory traits along with the punitive" and could be recovered against a local government. *Id*. at 130. Of course, Plaintiff cannot obtain a double recovery for the same injuries. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1030 (10th Cir. 2007).

**Conclusion**

For these reasons, the Court finds that the First Amended Complaint is sufficient to state a claim of religious discrimination and properly seeks damages for emotional distress and liquidated damages, but improperly requests punitive damages.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal [Doc. No. 18] is DENIED, except Plaintiff's prayer for punitive damages is stricken.

IT IS SO ORDERED this 6th day of November, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE